IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CAROL SHINBERGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | |
| ) | No. 06-3371-CV-S-JCE-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

This case involves the appeal of the final decision of the Secretary denying plaintiff's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401, et seq and her application for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § 1381, et seq. Pursuant to 42 U.S.C. § 405(g), this Court may review the final decision of the Secretary. Pending before the Court at this time are plaintiff's brief and defendant's reply brief in support of the administrative decision.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197,

1

229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski. The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they

are inconsistent with the evidence in the record as a whole.  Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

## Discussion

Plaintiff, who was born November 25, 1957, has an 11th grade education. Her employment history consists of jobs as a waitress, cook, cashier, and for the last five or six years, a convenience store manager and supervisor.

It was plaintiff's testimony at the hearing before the ALJ that "The claimant alleged disability on the basis of fibromyalgia, with chronic and sometimes shooting pain in her back, shoulders, and legs, swelling and collapsing of her legs and feet at least once a month, and numbness and tingling with pain in her hands and feet despite her using a heat pad, a TENS unit 3-4 times a week, and prescription pain medication, sometimes narcotic-strength medication. She said that she took a diuretic for leg swelling. She testified that she could not stand or sit more than 20-30 minutes or walk more than a quarter mile at a time, or lift or carry more than about 5 pounds. She said she could not do household chores or grocery shopping without pain, and that she lay down much of the day because of pain. She could still feed, dress and bathe herself, prepare her children for school each day, watch TV and drive a small truck for short distances.." [Tr. at page 17].

The ALJ finds:

" 1. The claimant met the special earnings requirements of the Act as of December 14, 2001, the alleged onset of disability, and continues to meet them through December 31, 2006.

2. The claimant has not engaged in substantial gainful activity since December 14, 2001.

3. The medical evidence establishes that the claimant has mild degenerative disc disease and spondylosis of the lumbosacral spine and thoracic spine, possible mild carpal tunnel

3

syndrome and/or ulnar neuropathy, possible fibromyalgia, and a history of major depressive disorder without psychotic features in good remission since May 2004, but no impairment or combination of impairments that meets or equals in severity the requirements of any impairment listed in Appendix 1, Subpart P, Regulations No. 4.

4. The claimant's allegation of impairments, either singly or in combination, producing symptoms and limitations of sufficient severity to prevent the performance of any sustained work activity is not credible, for the reasons set out in the body of this decision.

5. The claimant has the residual functional capacity to perform the physical exertional and nonexertional requirements of work except probably for lifting or carrying more than 10 pounds frequently or more than 20 pounds occasionally. There are no credible, medically-established mental or other nonexertional limitations (20 CFR 404.1545 and 416.945).

6. The claimant's past relevant work as a convenience store manager did not require the performance of work-related activities precluded by the limitations described in Finding No. 5 (20 CFR 404.1565 and 416.965). The impairments established in this case do not prevent the claimant from performing this past relevant work, according to vocational expert opinion.

7. The claimant was not under a 'disability', as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(f) and 416.920(f)." [Tr. at page 23].

Plaintiff asserts that the ALJ failed to afford appropriate weight of plaintiff's treating physician; erroneously assessed plaintiff's residual functional capacity, and failed to properly perform a credible analysis.

Having fully reviewed the record, the Court finds that there is not substantial evidence in the record as a whole to support the decision of the ALJ. The Court agrees with plaintiff that there is objective medical evidence to support her complaints regarding her impairments. She has been seen by Robert Martin, M.D., her treating physician, and by Clara N. Applegate, M.D., a neurologist. It is clear that she has sought and received a wide range of medical care that covers the gamut of treatment available to her.

The ALJ acknowledges plaintiff's good work history, but mischaracterized the findings of the neurologist. He indicates that he gave far more weight to the opinion of the neurologist than that of the treating physician. He indicates that the neurologist did not tell the claimant to be idle, but that she urged home exercises and physical therapy, and that she was attempting to wean the plaintiff off prescribed medications which were prescribed by the treating physician. He also notes that the treating physician prescribed a TENS unit, but that the objective medical record failed to support its use. He also contends that the neurologist did not describe plaintiff's claim as worse than mild in degree. He ignores the neurologist's prescription of methadone to reduce sensitization; her increase of Neurontin to control pain, and the prescription for Vicodin and Soma, both to control pain. Considering this medication regimen, the conclusion that the neurologist is questioning the treating physician's diagnosis is not supported by the record. The indication that plaintiff should be weaned off of the narcotics at some point is only a recognition of their addictive qualities and not an analysis of the plaintiff's condition. The conclusions of the ALJ regarding the specialist's records, when considered in their totality, are not supported by the record as a whole. His decision to discount the treating physician's opinion is not supported by the record as a whole. Because the opinions of the treating physician should have been given substantial weight, the residual functional capacity assessment and the hypothetical submitted to the vocational expert are flawed. The treating physician completed a medical source statement. [Tr. at pages 226-229]. While it was a check list, he also included personal observations specific
to this plaintiff. Considering the restrictions in that statement, and the record as a whole, it is clear that the plaintiff suffers from a disability.[1]

---

[1] The finding that the restrictions noted by Dr. Martin are not based on current treatment is not supported by the record. The doctor's report is in the present tense and is in accord with plaintiff's testimony.

5

Likewise, the ALJ erred in his credibility analysis. Again, he improperly discounted the treating physician's opinions and concluded that plaintiff's description of her restrictions was not credible. In fact, the restrictions are supported by the medical record as a whole.

For the foregoing reasons, the Court is convinced that there is not substantial evidence in the record as a whole to support the ALJ's decision, and that plaintiff has met her burden of establishing that she suffers from a combination of impairments that render her disabled. Accordingly, the decision of the Secretary should be reversed.

It is hereby

ORDERED that plaintiff's motion for judgment on the pleadings be, and it is hereby, granted. It is further

ORDERED that, pursuant to 42 U.S.C. § 405(g), this matter be remanded to the Commissioner for the calculation and award of benefits.

    /s/ James C. England
    JAMES C. ENGLAND, Chief
    United States Magistrate Judge

Date: November 30, 2007